# THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) STEVEN DICKSON,<br>(2) CARRIE DICKSON,<br>individually and on behalf of all<br>others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>(1) SAFECO INSURANCE COMPANY<br>OF AMERICA,<br><br>    Defendant. | 23-cv-00114-TCK-JFJ |

## COMPLAINT

Steven and Carrie Dickson, individually and on behalf of all others similarly situated, state the following cause of action against the Defendant Safeco Insurance Company of America.

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 (CAFA) because: (1) the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs; (2) the action is pled as a class action involving more than 100 putative class members; and (3) any member of a class of plaintiffs is a citizen of a State different from Defendant.

## THE PARTIES

2. Defendant is a corporation incorporated under the laws of the State of New Hampshire with its principal place of business in Boston, Massachusetts.

3. Plaintiff's Steven and Carrie Dickson are citizens of the State of Oklahoma.

## THE FACTS

4. On June 1, 2022, Plaintiffs were the owners of a 2012 Nissan Juke. On that day, Plaintiffs' vehicle was insured under insurance policy number Y9522333 written by the Defendant.

5. Plaintiffs purchased Defendant's "Superior Level Endorsement." Defendant charges all insureds insured under its Superior Level Endorsement an additional premium.

6. In exchange for paying a higher premium, Defendant's Superior Level Endorsement provides benefits not offered under its standard automobile policy.

7. One of the primary benefits provided to an insured through Defendant's Superior Level Endorsement is a lower deductible. The Superior Level Endorsement provides that in certain events no deductible will be charged to the insured:

> **PART D – COVERAGE FOR DAMAGE TO YOUR AUTO**
>
> The following items apply in the event of a covered **collision** or **comprehensive** loss:
>
> **INSURING AGREEMENT**
>
> The following definition is added:
>
> **"New vehicle"** means any vehicle other than a motorhome or **trailer** for which you are the original owner and the vehicle has not been previously titled.
>
> **DEDUCTIBLE**
>
> The following deductible provisions are added:
>
>> **4.** We will not apply the **collision** deductible when the loss is caused by a collision between **your covered auto** and another vehicle, provided:
>>
>> **a.** The owner or operator of the other vehicle has been identified; and
>> **b.** The owner or operator of the other vehicle is legally liable for the loss to **your covered auto** and the operator of **your covered** auto is not legally responsible, in any way, for causing or contributing to the loss; and

      **c.**    There is a valid property damage liability insurance policy applicable at the time of the accident with respect to the person or organization legally responsible for such loss to **your covered auto.**

  **5.**    We will not apply the comprehensive deductible if there is a covered loss to **your covered auto** or any **non-owned auto** and we declare a total loss.

  **6.**    Your deductible will decrease $50 with each 6 month renewal or $100 for each annual renewal up to a $500 total decrease in your deductible. Your diminishing deductible is shown on the Declarations. The policy remains eligible for the diminishing deductible until an at-fault accident is surcharged to the policy.

*Superior Level Endorsement,* pg. 1 (emphasis supplied).

8. On June 1, 2022, Plaintiffs had paid for and were insured under Defendant's Superior Level Endorsement.

9. On June 1, 2022, Plaintiff Carrie Dickson was involved in an accident. Plaintiff Carrie Dickson was driving her vehicle when she hit a deer.

10. On June 7, 2022, Plaintiff reported the loss to Defendant.

11. Defendant opened claim number 049682375-0003.

12. Defendant routinely utilizes a program created by CCC Intelligent Solutions, Inc., named CCCONE Market Valuation Report (CCCONE).

13. Defendant followed its normal business practice and utilized CCCONE to determine the value of Plaintiffs' vehicle.

14. Through CCCONE Defendant determined that the damage to Plaintiffs' vehicle was a covered loss under Plaintiffs' Superior Level Endorsement and the damage to Plaintiffs' vehicle rendered it a total loss.

15. CCCONE prepared its standard Market Valuation Report for Plaintiffs' vehicle.

16.  In the report, at the direction of Defendant, CCCONE applied a deductible to the value of Plaintiffs' vehicle. CCCONE's Valuation Summary clearly reduces the value of Plaintiffs' vehicle by applying a deductible:

 **VALUATION SUMMARY**

| | |
|---|---|
| **Base Vehicle Value** | **$ 12,229.00** |
| Condition Adjustment | + $ 82.00 |
| **Adjusted Vehicle Value** | **$ 12,311.00** |
| Vehicular Tax (4.2665%) Tax reflects applicable state, county and municipal taxes. | + $ 525.25 |
| **Value before Deductible** | **$ 12,836.25** |
| Deductible* | - $ 1,000.00 |
| **Total** | **$ 11,836.25** |

Adjustments indicated with an Asterisk (*) have been determined by SAFECO INSURANCE COMPANY OF AMERICA and have been added here for convenience.

17.  Application of a deductible is at the sole direction of Defendant and is in direct violation of the plain language of the Superior Level Endorsement.

## **CLASS ALLEGATIONS**

18.  Plaintiffs bring this as a class action under Federal Rule of Civil Procedure Rule 23.

19.  The Proposed Class is defined as:

> All people who are citizens of the United States of America who: (1) were insured under an automobile policy by Safeco Insurance Company of America; (2) purchased the Superior Level Endorsement; (3) suffered a collision or comprehensive loss covered under the policy that totaled the covered vehicle; and (4) were improperly charged a deductible.
>
> Excluded from the Proposed Class are members of the judiciary assigned to this case and people currently in bankruptcy.

20. This action is brought and may properly be maintained as a class action pursuant to Fed.R.Civ.P. 23(a),(b)(1),(2),(3) and (c)(4). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these rules.

21. Plaintiffs maintain the right to create additional subclasses or classes, if necessary, and to revise this definition to maintain a cohesive class that does not require individual inquiry to determine liability.

22. The exact number of class members is unknown to Plaintiffs at this time, but such information can be ascertained through appropriate discovery, specifically from records maintained by the Defendant. Upon information and belief, the number of putative members of the class exceeds 1,000 persons and entities.

## EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW AND FACT

23. There are common questions of law and fact common and of general interest to the Proposed Class. These common questions of law and fact predominate over any questions affecting only individual members of the class. Such common questions include, but are not limited to, the following:

   a. Whether Defendant violated the terms of the Superior Level Endorsement by charging members of the Proposed Class a deductible;

   b. Whether Defendant breached duties owed to members of the Proposed Class by charging a deductible;

   c. The profits gained by Defendant by charging a deductible to members of the Proposed Class;

   d. Whether Defendant knew it was wrongfully violating the terms of the Superior Level Endorsement by charging a deductible;

e. The economic harm suffered by members of the Proposed Class as a result of being charged a deductible;

f. Whether Plaintiffs and class members are entitled to class relief as requested herein.

## TYPICALITY AND NUMEROSITY

24. Plaintiffs' claims are typical of the claims of the Proposed Class. Defendant's common course of conduct caused Plaintiffs and all the Proposed Class the same harm. Defendant's conduct caused Plaintiffs and the Proposed Class economic harm. Upon information and belief, the total number of members of the Proposed Class exceeds 1,000 members and is so numerous that separate joinder of each member is impracticable.

## ADEQUATE REPRESENTATION

25. Plaintiffs will fairly and adequately protect the interests of the members of the Proposed Class and have no interests antagonistic to those of other class members. The Court should appoint Plaintiffs as the class representatives. Plaintiffs have retained class counsel competent to prosecute class actions, and the Court should appoint Plaintiffs' counsel as Class Counsel.

## SUPERIORITY

26. The Class may be properly maintained under Fed.R.Civ.P. 23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual joinder of all members of the Proposed Class is impracticable. The interests of judicial economy favor adjudicating the claims for the class rather than on an individual basis. The class action mechanism provides the benefit of unitary adjudication, economies of scale, and comprehensive supervision by a single court.

27. Questions of law and fact predominate over any questions affecting only individual members.

## CAUSES OF ACTION

### COUNT 1
Breach of Contract

28. Plaintiff hereby incorporates Paragraphs 1 through 27 as if fully stated herein.

29. The terms of the Superior Level Endorsement prohibit Defendant from charging a deductible in certain collision claims:

> The following deductible provisions are added:
>
> **4.** We will not apply the **collision** deductible when the loss is caused by a collision between **your covered auto** and another vehicle, provided:
>
> **a.** The owner or operator of the other vehicle has been identified; and
> **b.** The owner or operator of the other vehicle is legally liable for the loss to **your covered auto** and the operator of **your covered** auto is not legally responsible, in any way, for causing or contributing to the loss; and
> **c.** There is a valid property damage liability insurance policy applicable at the time of the accident with respect to the person or organization legally responsible for such loss to **your covered auto.**

30. The terms of the Superior Level Endorsement further prohibit Defendant from charging a deductible when an insured's vehicle is determined to be a total loss as a result of a loss covered under the insureds comprehensive coverage:

> **5.** We will not apply the **comprehensive** deductible if there is a covered loss to **your covered auto** or any **non-owned auto** and we declare a total loss.

*Superior Level Endorsement,* pg. 1 (emphasis supplied).

31. Despite the plain language of the endorsement, Defendant consistently charges its insureds a deductible.

32. Defendant has breached the terms of the insurance contract by improperly charging a deductible.

33. As a result of Defendant's breach, Plaintiffs and members of the Proposed Class have suffered damages.

## COUNT 2
## Unjust Enrichment

34. Plaintiff hereby incorporates Paragraphs 1 through 27 as if fully stated herein.

35. Defendant charges all insureds an additional premium in order to obtain coverage under the Superior Level Endorsement.

36. Defendant has been unjustly enriched at the expense of the Proposed Class because it has charged members of the Proposed Class the additional premium, but has not provided the promised benefit.

37. As a result of Defendant's conduct, Defendant has realized undeserved profits at the expense of the Proposed Class.

## COUNT 3
## Conversion

38. Plaintiff hereby incorporates Paragraphs 1 through 27 as if fully stated herein.

39. Defendant intentionally applied a deductible to the insurance claims of Plaintiffs and the Proposed Class when it was fully aware it was not allowed to do so.

40. Plaintiffs and members of the Proposed Class possessed the legal title and right to the money improperly deducted by Defendant from their insurance claims.

41. In addition to Defendant's actions of improperly applying deductible, Defendant has exercised control over money belonging to Plaintiffs and members of the Proposed Class without the permission of Plaintiffs and the Proposed Class.

42. Defendant continues to wrongfully exercise ownership of money belonging to Plaintiffs and the Proposed Class.

43. As a result of Defendant's actions, Plaintiffs and the Proposed Class have been harmed.

### COUNT 4
### Injunctive Relief

44. Plaintiff hereby incorporates Paragraphs 1 through 27 as if fully stated herein.

45. The terms of the Superior Level Endorsement prohibit Defendant from charging insureds a deductible in certain circumstances.

46. Defendant has ignored its obligations under the terms of the policy and has repeatedly charged its insureds a deductible.

47. Defendant's conduct has and will continue to cause harm to its insureds.

48. This Court must enjoin Defendant from continuing to wrongfully charge its insureds a deductible.

WHEREFORE, Plaintiffs and members of the proposed class pray for a judgement against the Defendant for actual and punitive damages and all other relief this Court deems just and proper in an amount in excess of $5,000,000.00.

Respectfully submitted,

 s/ Brad Barron
Bradford D. Barron, OBA #17571
The Barron Law Firm, PLLC
PO Box 369
Claremore, OK 74018
(918)341-8402
(918) 515-4691 (fax)
Bbarron@barronlawfirmok.com

PATRICK A. BARTHLE II
(*Pro Hac Vice* forthcoming)
Florida Bar No. 99286
pbarthle@ForThePeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402